UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re. CONEY ISLAND LAND COMPANY, LLC;    NOT FOR PUBLICATION
FIDUCIARY HOLDINGS, LLC; DIGBY
APARTMENTS, INC., and SHELDRAKE
HOLDING COMPANY, LP

                Debtors.               **MEMORANDUM AND ORDER**
                                                                                      05-CV-2216 (CBA)
---------------------------------------------------------x
AMON, United States District Judge.

      Before the Court is an appeal of an Order of the United States Bankruptcy Court for the Eastern District of New York awarding fees and reimbursement to Appellees Douglas Rosenburg and Paul I. Krohn. For the reasons set forth below, this Court affirms the award of fees to the receiver, Rosenburg, but reverses the amount of the fee award to his attorney, Krohn, and remands to the Bankruptcy Court for recalculation.

**I.**     **Background**

      This case arises from the divorce proceedings between Benjamin Hirsch ("B. Hirsch" or "Debtor") and Nachama Hirsch ("N. Hirsch") in the Supreme Court of the State of New York ("the state court"). The case appears in federal court because B. Hirsch declared bankruptcy after the state court had issued a decision regarding the equitable distribution of the marital estate but before a judgment pursuant to that decision was entered. The debtors here ("the Entity Debtors") were co-defendants with B. Hirsch in the state court marital action, in which N. Hirsch alleges that B. Hirsch fraudulently conveyed certain real properties from the marital estate to the Entity Debtors. Like B. Hirsch, the Entity Debtors have filed bankruptcy petitions with the United States Bankruptcy Court for the Eastern District of New York ("the Bankruptcy Court").

1

Appellee Douglas Rosenburg was appointed as a receiver in the state court divorce proceedings. On July 2, 2002, a motion was filed, by way of an Order to Show Cause, to retain Rosenburg as a receiver pursuant to 11 U.S.C. § 543(d). On July 3, 2002, the Bankruptcy Court entered an order retaining Rosenburg as receiver pending a hearing and decision on the section 543(d) motion. Thus, Rosenburg was at least temporarily exempted from section 543(b) of Title 11, which requires that a receiver appointed in state court proceedings prior to the filing of a chapter 11 bankruptcy proceeding must file an accounting and deliver to the trustee any property of the debtor. However, the Bankruptcy Court never expressly ruled on the section 543(d) motion, but rather continued the hearings. The order remained in place until December 15, 2004, when a Plan of Reorganization was confirmed, mooting the issue.

Rosenburg retained Appellee Paul I. Krohn as counsel and on June 22, 2002, Krohn filed a Notice of Appearance before the Bankruptcy Court. Although, Rosenberg did not file a motion requesting permission to retain counsel until June 9, 2003, almost a year later, the Bankruptcy Court granted Rosenburg's application to retain counsel *nunc pro tunc*. The Entity Debtors filed motions to vacate this order, but in an opinion and order dated September 23, 2003, the Bankruptcy Court refused to reconsider the appointment of Krohn as Rosen's counsel. In re Benjamin Hirsch, No. 02-17966; In re Coney Island Land Company, LLC, Nos. 02-17969, 02-17970, 02-17972, 02-17973 (Bankr. E.D.N.Y. September 23, 2003) ("Application to Retain Counsel"). Although Appellants initially appealed the September 23rd order, the appeal was withdrawn. Appellants do not now expressly appeal that order before this Court.

On January 11, 2005, Appellees filed a joint application for compensation and reimbursement of expenses. The Bankruptcy Court held a hearing on January 20, 2005, and on

March 31, 2005, the Bankruptcy Court awarded commissions of $40,113.66 to Rosenburg as receiver, as well attorney fees of $39,873.66 and reimbursement expenses of $4,345.36 to Krohn as Rosenburg's counsel.  In re Coney Island Land Company, LLC, Nos. 02-17969, 02-17970, 02-17972, 02-17973 (Bankr. E.D.N.Y. Mar. 31, 2005) ("Order Granting Joint Application for Fees").  Appellants Entity Debtors appeal that order, arguing that the Bankruptcy Court erred in failing to hold an evidentiary hearing before awarding commissions to Rosenburg and attorney fees and reimbursements to Rosenburg's counsel, Krohn.  Appellants also argue that the award of attorney fees was in error because the Bankruptcy Court should not have allowed Rosenburg to retain counsel and because the Bankruptcy Court erroneously granted Rosenburg's *nunc pro tunc* application for employment of counsel.  Finally, Appellants argue that there was insufficient benefit to the estate to warrant the attorney fees awarded.

## II. Discussion

### A. Standard of review

On appeal, the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of a bankruptcy court to judge the credibility of the witnesses.  Fed. R. Bankr. P. 8013

Furthermore,"[t]he standard of review on appeal of a fee award from a bankruptcy court is that the decision of the bankruptcy judge will be affirmed unless the bankruptcy judge has abused his discretion-i.e., failed to apply proper procedures or legal standards, or made factual findings that were clearly erroneous."  In re Cena's Fine Furniture, Inc., 109 B.R. 575, 580

3

(E.D.N.Y. 1990) (quoting In re Ferkauf, Inc., 56 B.R. 774, 775 (S.D.N.Y. 1985)); see also In re Shades of Beauty, Inc., 95 B.R. 17, 18 (E.D.N.Y. 1988).

### B. Retention of a state court receiver and counsel for that receiver

Generally, a receiver appointed in state court proceedings prior to the filing of a chapter 11 bankruptcy proceeding must deliver to the trustee any property of the debtor, 11 U.S.C. § 543(b)(1), and must file an accounting, 11 U.S.C. § 543(b)(2); Fed. R. Bankr. P. 6002(a). In addition, the receiver cannot make any further disbursements or take any action except to do what is necessary to preserve the property. 11 U.S.C. § 543(a). However, the Bankruptcy Court may excuse compliance with these requirements "if the interests of creditors and . . . would be better served by permitting a custodian to continue in possession, custody, or control of such property . . . ." 11 U.S.C. § 543(d)(1). That is, the Bankruptcy Court may choose to continue the receivership.

In the instant case, the Bankruptcy Court never formally granted the section 543(d) motion retaining Rosenburg as receiver. Instead, in response to an Order to Show Cause, the court entered a order exempting Rosenburg from the requirements of section 543, pending a hearing and decision on the section 543(d) motion. The order retaining Rosenburg remained in place until December 15, 2004, when a Plan of Reorganization was confirmed, mooting the issue. In addition, in June 19, 2003, the Bankruptcy Court granted Rosenburg's *nunc pro tunc* application to retain counsel under 11 U.S.C. § 327, which allows that a "trustee, with the court's approval, may employ one or more attorneys . . . or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

Although the Bankruptcy Court did not officially retain Rosenburg as receiver under section 543(d), by virtue of the July 3, 2002 order, the court did not force Rosenburg to turn over custody of the properties under 11 U.S.C. § 543. Also, from its ruling on the Rosenburg's request to retain counsel and Rosenburg and Krohn's joint application for fees, the Bankruptcy Court clearly contemplated that Rosenburg had been properly retained as a receiver under section 543(d). Furthermore, Appellants do not appeal the July 2, 2003 order retaining Rosenburg as receiver pending a hearing and resolution of the issue, nor do they argue that the fees granted to Rosenburg as receiver and Krohn as Rosenburg's counsel were erroneous because of the Bankruptcy Court's failure to formally rule on the section 543(d) motion.

Rather, Appellants argue that the Bankruptcy Court's decision to award Rosenburg and Krohn fees was in error because the court failed to hold an evidentiary hearing to address whether Rosenburg and Krohn failed to act impartially. In addition, although they do not formally appeal the order granting Rosenburg the right to retain Krohn as counsel, Appellants claim that the Bankruptcy Court's grant of attorney fees for Krohn's services was in error because the Bankruptcy Court used the wrong mechanism to grant Rosenburg's application to retain counsel and erroneously granted that application *nunc pro tunc*. Finally, Appellants argue that the grant of fees to Krohn and Rosenburg was erroneous, as there was insufficient benefit to the estate.

### C. Failure to hold an evidentiary hearing

Appellants argue that the Bankruptcy Court erred in awarding commissions to Rosenburg as receiver and attorney fees and reimbursement expenses for Krohn without holding an evidentiary hearing to determine whether Rosenburg and Krohn had committed waste and

negligence. In particular, Appellants argue that there were disputed issues of fact as to whether "acted in a partisan manner and against the best interest of the estate, both substantively and administratively" and thus whether Rosenburg should be surcharged. (Appellants' Br. at 14.) Appellant argues that the Bankruptcy Court should have held an evidentiary hearing with respect to its allegations of "numerous improprieties on the part of the Receiver" before awarding fees to the Rosenburg and his counsel. (Id.)

However, while a bankruptcy court *may* hold an evidentiary hearing on a contested matter, see, e.g., Scopetta-Senra Partnership III, 129 B.R. 700 (Bankr. S.D. Fla. 1991), it is not *required* to hold such a hearing in all instances. Rule 9014 of the Federal Rules of Bankruptcy Procedure provides that in "a contested matter not otherwise governed by these rules . . . reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." (emphasis added). That is, the Bankruptcy Rules guarantee a "reasonable . . . opportunity" for a hearing, but do not guarantee that a hearing will be appropriate in every instance. 11 U.S.C. § 102(1)(A) ("'[A]fter notice and a hearing', or a similar phrase . . . [means] such opportunity for a hearing as is appropriate in the particular circumstances.") (emphasis added)); see also Prebor v. Collins (In re I Don't Trust), 143 F.3d 1, 3 (1st Cir. 1998); Colo. Mountain Cellars v. Flynn, 226 B.R. 244 (Bankr. D.Colo. 1998).

In this case, the judge was familiar with the facts of the case and the role that Rosenburg and Krohn played in the resolution of this lengthy and complicated bankruptcy proceeding. In a series of hearings addressing the propriety of a receivership, the Bankruptcy Court heard many allegations of mismanagement from the Entity Debtors and responses from Rosenburg. (See Order Granting Joint Application for Fees, slip op. at 9, n.6; Transcript of Hearing, Jan. 20,

2003, at 40-41 ("Jan. 20 Hr'g Tr."); Transcript of Oral Argument, Sept. 28, 2006.)  Indeed, in its order granting the joint application for fees, the Bankruptcy Court noted that it had "previously stated on the record at the hearing on November 30, 2004, that it found no mismanagement by the Receiver and no breach or violation of any of his fiduciary responsibilities."  <u>Order Granting Joint Application for Fees</u>, slip op. at 9, n.6.

Furthermore, on January 20, 2005, the Bankruptcy Court held a hearing regarding the propriety of the joint application for commissions, fees and reimbursement expenses by Rosenburg and Krohn.  At that hearing, the Bankruptcy Court accepted proffers regarding the work provided by Rosenburg and Krohn and whether it benefitted the estate.  At the hearing, the United States Trustee testified that the work of Rosenburg and Krohn was "necessary" and that "the fees requested are reasonable." (Jan. 20 Hr'g Tr. at 51-52.)  Furthermore, the Bankruptcy Court itself noted that "[Mr. Krohn] and Mr. Rosenburg took steps that were necessary to preserve properties of all the debtor's estates," and that he did not think "that the relationship between counsel fo the receiver and the debtors . . . resulted in detriment to the debtors' estate in anyway [sic]."  (<u>Id.</u> at 59.)  Thus, in its decision and order granting fees, the Bankruptcy Court found as follows:

> The Receiver's actions have no harmed the respective estates of the Entity Debtors.  The Receiver maintained and operate the properties successfully during the two and a half years after the Entity Debtors' filed their respective positions.  The Receiver's actions enabled the Entity Debtors to confirm a plan that had no impaired classes and paid all creditors in full.  The Receiver's existence gave the Court confidence that the properties would not be lost to foreclosure.  The Receiver's conduct in filing timely operating reports and providing information to the court during status conferences proved helpful to the U.S. Trustee and the Court.

<u>Order Granting Joint Application for Fees</u>, slip op. at 9.

Appellants argue, however, that the Bankruptcy Court should have held a second hearing

to specifically address the issue of surcharge before granting receiver and attorney's fees. Appellants also argue that because of the Bankruptcy Court's failure to hold an evidentiary hearing, the record "is simply devoid of any evidence which supports the Bankruptcy Court's determination not to surcharge the Receiver." (Appellant's Br. at 15.) However, section 102(1)(B) of Title 11, notes that the phrase "after notice and a hearing," or a similar phrase, "authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest." Appellants did not timely request a separate hearing on the issue of surcharge. In its opposition to the joint application for fees, Appellants requested that the Bankruptcy Court postpone the application for fees until Appellants could decide whether or not to seek a surcharge. However, Appellants did not file an application for surcharge nor request an evidentiary hearing on that issue at that time. It was not until the evidentiary hearing addressing the propriety of awarding receiver and attorney fees that Appellants mentioned that they believed that a further hearing was required. (Jan. 20 Hr'g Tr. at 50.) However, Appellants did not subsequently move for a surcharge before the Bankruptcy Court nor did they institute an adversary proceeding against Rosenburg as receiver. Fed. R. Bankr. P. 9014 ("In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."); Fed. R. Bankr. P. 7001 (noting that "[a]n adversary proceeding . . . is a proceeding (1) to recover money or property.").

      The Court had an adequate record to support its award of commission and fees to the Rosenburg and Krohn. As discussed above, the Bankruptcy Court was familiar with the facts of the case and the role that Rosenburg and Krohn played in its resolution. The Bankruptcy Court

held a hearing at which the parties were afforded an opportunity to present proffers on the issue of fees.  At that hearing, the United States Trustee supported the joint application for fees.  Finally, the Bankruptcy Court issued an opinion analyzing in detail the benefit conferred upon the estate by Rosenburg and Krohn.  See Order Granting Joint Application for Fees, slip op. at 9.

In short, the court did not abuse its discretion in failing to have an evidentiary hearing.  Accordingly, the Bankruptcy Court's award of comissions of $40,113.66 to Rosenburg is affirmed.

### D.    Grant of Attorney Fees and Reimbursement expenses

Appellants also argue that the grant of attorney fees and reimbursement expenses to Krohn was improper because Rosenburg should not have been allowed to retain counsel and that *nunc pro tunc* approval of Rosenburg's application was erroneously granted.

Appellants argue that the Bankruptcy Court erred in determining that Rosenburg was entitled to retain an attorney under 11 U.S.C. § 327.  Under 11 U.S.C. § 327, a "trustee, with the court's approval, may employ one or more attorneys . . . or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  Several courts have held that when a receiver from a state court action has been retained in a bankruptcy proceeding, the Bankruptcy Court may grant that receiver the right to employ an attorney, if the receiver follows the procedures set forth in section 327 and obtains an order approving the attorneys retention.  See, e.g., In re Rimsat, Ltd., 193 B.R. 499, 502 n.2 (Bankr. N.D. Ind. 1996); In re 245 Assocs., LLC, 188 B.R. 743, 748-49 (Bankr. S.D.N.Y. 1995);  In re Uno Broadcasting

Corp., 167 B.R. 189, 201 (Bankr. D. Ariz. 1994); In re Posadas Assocs., 127 B.R. 278 (Bankr. D.N.M. 1991).

Appellant cites In re 400 Madison Ave. Ltd. Partnership, 213 B.R. 888 (Bankr. S.D.N.Y. 1997) for the proposition that a receiver cannot retain counsel in bankruptcy proceedings under section 327. However, the court in 400 Madison Ave. did not hold that a retained receiver cannot employ counsel in bankruptcy proceedings. Rather, the court disagreed with the proposition that a retained receiver is in function a trustee, and found that section 327 and its disinterestedness requirements were therefore inapplicable to a retained receiver. Thus, the court allowed the receiver to retain the counsel which he had employed prior to the bankruptcy petition. Id. at 899. That is, 400 Madison Ave. does not hold that a retained receiver may not employ counsel. Instead, it enlarges a retained receiver ability to employ counsel; the court "decline[d] to adopt a standard that would have the effect of disqualifying a receiver's prepetition counsel from continuing in virtually every case." Id. Thus, it was not error for the Bankruptcy Court to allow Rosenburg to retain a counsel under section 327.

However, the Bankruptcy Court should not have granted Rosenburg's application *nunc pro tunc*. *Nunc pro tunc* orders for retroactive approval for employment of a professional person under 11 U.S.C. § 327 may be granted if the court find that (1) the court would have granted the application if made in a timely manner, and (2) the delay in retention was caused by extraordinary circumstances. In re Keren Ltd. Partnership, 189 F.3d 86, 87-88 (2d Cir. 1999). In the instant case, the receiver admits that it was "[t]hrough inadvertence" that the attorney neglected to file his retention application. (Appellee's Br. at 7.) Rosenburg does not provide any further excuse. However, "'[s]imple neglect' on the part of a debtor in failing to take timely

action does not constitute the 'extraordinary circumstances' necessary to justify nunc pro tunc relief." In re Aquatic Dev. Group, Inc., 352 F.3d 671, 679 (2d Cir. 2003) (quoting Land v. First Nat'l Bank of Alamosa (In re Land), 943 F.2d 1265, 1268 (10th Cir. 1991)).  See also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); In re Jarvis, 53 F.3d 416, 421 (1st Cir. 1995) ("[I]f the category of extraordinary circumstances were expanded to include mere oversight, the modifying adjective 'extraordinary' would be completely emptied of its meaning."); In re Ark. Co., Inc., 798 F.2d 645, 650 (3d Cir. 1986) (holding that extraordinary circumstances did not include "the mere neglect of the professional who was in a position to file a timely application")).

Appellees argue that the Bankruptcy Court properly granted the *nunc pro tunc* application based upon "excusable neglect" and properly applied the "expanded" definition of excusable neglect from which "include[s] indavertence, mistake or carelessness."  (Appellee's Br. at 19-20); see Application to Retain Counsel, slip at 7-8 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 387-88 (1993)).  In Pioneer, the Supreme Court held that "inadvertence" can constitute "excusable neglect" under Rule 9006(b)(1), such that courts can allow "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. at 387-88.  However, the Pioneer court did not address the relevance of the "excusable neglect" standard in granting a *nunc pro tunc* application for employment of an attorney.  Furthermore, the Bankruptcy Court did not consider Keren and Aquatic Development, which were decided after Pioneer and which plainly rejected inadvertence as a grounds for granting an order *nunc pro tunc*.  Instead, these

Second Circuit cases require "extraordinary circumstances," Keren, 189 F.3d at 87, beyond "simple neglect," Aquatic Development, 352 F.3d at 679.

Finally, each of the cases relied upon by the Bankruptcy Court in granting the *nunc pro tunc* application based upon "excusable neglect" both pre-dated Keren and involved at least some explanation excusing applicant's failure to timely file. See Application to Retain Counsel, slip at 7-8; In re Rainbow Press of Fredonia, 197 B.R. 428 (Bankr. W.D.N.Y. 1996) (granting *nunc pro tunc* relief where applicant provided a reasonable explanation of failure to timely file); In re Hutter, 215 B.R. 308 (Bankr. D. Conn. 1997) (failure to file can be excused by "excusable neglect" or "unavoidable hardship"), aff'd 40 Fed. Appx. 640 (2d. Cir. 2002) (affirming on the ground that "the bankruptcy court, in its findings, had demonstrated 'extraordinary circumstances'"); In re 245 Assocs., LLC, 188 B.R. 743, 751-53 (Bankr. S.D.N.Y. 1995) (rules of retention were confusing and unclear). Where, as here, the failure to timely file was apparently based on "inadvertence," since no further explanation is provided, *nunc pro tunc* appointment of an attorney is error.

Because the Bankruptcy Court erroneously granted Rosenburg's application to retain counsel *nunc pro tunc*, it was an abuse of discretion to award attorney fees predicated upon work done prior to June 19, 2003, the date of the initial order granting Rosenburg the right to retain counsel. Since Rosenburg was entitled to retain counsel under 11 U.S.C. § 327, however, he is entitled to any fees incurred after June 19, 2003. The Court acknowledges for the cogent reasons set forth in the order of the bankruptcy judge that denying these fees may seem unfair, but the standard of extraordinary circumstances was simply not met here. On remand, the Bankruptcy Court must determine the extent to which Krohn's services, dating from June 19, 2003,

benefitted the estate.

## CONCLUSION

The Bankruptcy Court's order awarding Rosenburg commission and reimbursements as receiver is affirmed. The Bankruptcy Court's order awarding attorney fees for Krohn's services as counsel to Rosenburg is vacated and remanded.

SO ORDERED.

Dated:      Brooklyn, New York
            September 29, 2006

                                        Carol Bagley Amon
                                        United States District Judge